JUSTICE CHAPMAN, dissenting: I believe that the jury verdict was against the manifest weight of the evidence and that therefore a motion for a new trial should have been granted. See Maple v. Gustafson, 151 Ill. 2d 445, 454 (1992). In this admitted negligence case, a verdict for the plaintiff was clear from the testimony and the medical evidence presented at the trial. From the evidence, I believe that the jury should have concluded that the defendant’s negligence, at the very least, proximately caused an aggravation of a preexisting injury. The amount of the verdict was much less evident. Determining the nature and extent of the plaintiff’s injuries that were causally related to the accident of July 12, 2002, and not to his two prior automobile accidents, was no easy task. Despite the difficulty of the task before it, the jury had a duty to resolve the issue of proximate cause fairly, applying the facts to the law, and not throw up its hands and award zero damages. For those reasons, I would reverse and remand for a new trial.